## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Shane Phillip Peterka, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Chad Pringle, Warden, )<br>)<br>Respondent. ) | Case No. 3:15-cv-79<br><br>**REPORT AND RECOMMENDATION** |

Shane Phillip Peterka (Peterka) petitioned for habeas relief under 28 U.S.C.

§ 2254. (Doc. #1). After preliminary review, the court ordered service on the respondent.

(Doc. #3). The respondent has moved to dismiss the habeas petition, (Doc. #7), and the

parties have fully briefed that motion.

### Summary of Recommendation

The primary premise of Peterka's petition is that he should have been charged

with only two counts, rather than 119 counts, of possession of child pornography. Based

on that premise, he alleges ineffective assistance of counsel, violation of the Due Process

Clause, and violation of the Double Jeopardy Clause. Peterka also alleges ineffective

assistance of counsel on grounds independent of that premise.

More specifically, Peterka alleges that he was subjected to double jeopardy

because he was prosecuted for and convicted of 119 counts of possession of videos

depicting minors engaged in sexual conduct. Peterka's double jeopardy claim is without

merit because, under the state statute, an individual can be separately charged with and

convicted of possession of each individual image rather than of each device containing

multiple images. Peterka's due process claim and most of his ineffective assistance of

counsel claims relate to his double jeopardy claim. Since his double jeopardy claim is

without merit, the prosecutor did not violate Peterka's due process rights by charging him with 119 counts of possession of prohibited images, and his trial counsel was not ineffective in failing to discuss, research, or raise a double jeopardy issue. Additionally, Peterka failed to establish that his counsel was ineffective by failing to request a change of venue or a change of judge. Peterka is not entitled to habeas relief on any of these claims, since the North Dakota Supreme Court's decision was neither contrary to clearly established federal law nor an unreasonable application of federal law. Nor was the decision an unreasonable determination of the facts in light of the evidence presented to the state court.

The North Dakota Supreme Court determined that the state statute under which Peterka was convicted is unambiguous and that the legislative intent is clear with regard to that statute; therefore, contrary to Peterka's assertion, the North Dakota Supreme Court was not required to apply the rule of lenity in construing the state statute. This court is bound by the state court's determination of state law, so Peterka is not entitled to habeas relief on his statutory construction claim.

Peterka asserted one of his ineffective assistance of counsel claims—that his counsel failed to determine whether there was prosecutorial misconduct—only in response to the motion to dismiss, and not in his habeas petition. Since Peterka failed to comply with Rule 2 of the Federal Rules Governing Section 2254 Cases, that claim should not be considered. Alternatively, because he did not fairly present that claim to the state courts, it is procedurally defaulted and is barred from federal review. Peterka is therefore not entitled to habeas relief on that ineffective assistance of counsel claim.

Finally, Peterka is not entitled to habeas relief on his claim that the state district court should have held an evidentiary hearing on his post-conviction relief application, or on any claim alleging ineffective assistance of post-conviction counsel, since neither of those claims is cognizable in a federal habeas petition. Since he has not demonstrated entitlement to relief on any of his claims, the respondent's motion to dismiss should be granted and Peterka's habeas petition should be dismissed with prejudice.

## Procedural Background

A March 7, 2012 Information charged Peterka with fifteen counts of unlawful possession of images depicting sexual conduct by a minor, pursuant to North Dakota Century Code section 12.1-27.2-04.1, which provides, "A person is guilty of a class C felony if, knowing of its character and content, that person knowingly possesses any motion picture, photograph, or other visual representation that includes sexual conduct by a minor." (Resp. Ex. #2). An April 5, 2012 Amended Information charged him with 119 counts under that same statute. (Resp. Ex. #3). Specifically, Peterka was alleged to have possessed 119 videos showing minor children engaged in sexual conduct. Id. Each of the children depicted in the videos had been identified by the National Center for Missing and Exploited Children as a victim of sexual exploitation. Id.

On October 9, 2012, the parties filed a plea agreement with the court, under which Peterka would have been sentenced to a seven year prison term. (Resp. Ex. #4). The court rejected the plea agreement. (Resp. Ex. #1, p. 44, Doc. ID# 16).

On October 24, 2012, Peterka entered an open plea of guilty to all 119 counts.[1]
(Resp. Exs. #5-9). The court ordered imprisonment for a total term of fourteen years,
followed by 55 years of supervised probation.[2] The sentence also required that Peterka
register as a sex offender for the duration of his life. Id. Judgment was entered on
January 8, 2013. Id. Peterka did not appeal from the convictions.

On approximately April 29, 2013, Peterka submitted, for filing, a motion for
reduction of sentence pursuant to North Dakota Rule of Criminal Procedure 35. (Resp.
Ex. #20). The Clerk rejected that motion for filing, because Peterka had not submitted a
proposed order or proof of service. Id. Despite the Clerk's rejection, the state responded
to the motion on May 10, 2013. (Resp. Ex. #1, p. 44, Doc. ID# 29). But, the district court
did not rule on the motion.

On November 22, 2013, Peterka filed a post-conviction relief application, in
which he alleged that the prosecutor violated his due process rights and that he had
received ineffective assistance of counsel. (Resp. Ex. #18). The court appointed counsel
to represent him, and Peterka then filed an amended application for post-conviction

---

[1] One of the judgments indicates that Peterka pleaded guilty on January 7, 2013.
(Resp. Ex. #9). The court assumes that was a typographical error, since the docket
shows that as the date he was sentenced rather than as the date he pleaded guilty.

[2] On Count 1, Peterka was sentenced to five years of imprisonment. (Resp. Ex.
#5). On Count 2, he was sentenced to five years of imprisonment, to run consecutively to
the sentence on Count 1. (Resp. Ex. #6). On Count 3, he was sentenced to four years of
imprisonment, to run consecutively to the sentences on Counts 1 and 2. (Resp. Ex. #7).
On each of Counts 4 through 13, he was sentenced to five years of imprisonment with all
five years suspended. (Resp. Ex. #8). The sentences on Counts 4 through 13 were to run
consecutive to each other and consecutive to the sentences on Counts 1, 2, and 3. Id. On
each of Counts 14 through 119, Peterka was sentenced to five years of imprisonment
with all five years suspended. (Resp. Ex. #9). The sentences on Counts 14 through 119
were to run consecutive to the sentences on Counts 1 through 13 and concurrently with
each other. Id.

relief. (Resp. Ex. #20). The amended application included, in addition to those claims alleged in the original application, additional ineffective assistance of counsel claims, a claim that Peterka's probation sentences violated state law, a claim that he should not be required to register as a sex offender for life, and a claim that the court should have considered his Rule 35 motion. Id.

The state moved to dismiss the amended post-conviction relief application. (Resp. Ex. #21). After Peterka responded to that motion, (Resp. Ex. #24), the state district court notified the parties that it would consider the motion to dismiss as one for summary judgment, (Resp. Ex. #25). The parties were allowed to submit additional affidavits and references to the record in support of their respective positions. Id. at 2. Both parties submitted affidavits, (Resp. Exs. #26-28), and Peterka also submitted a supplemental brief, (Resp. Ex. #29). On November 13, 2014, the state district court granted summary judgment in part to the state and in part to Peterka. (Resp. Ex. #30). The state district court ruled in Peterka's favor on his claim that the consecutive probationary sentences violated state law, and on his claim that he should not have been required to register as a sex offender for life. Id.

On December 1, 2014, the court entered amended criminal judgments, reflecting that Peterka was no longer required to register as a sex offender for the duration of his life. (Resp. Exs. 11-15). Rather, he was required to register as a sex offender for not less than fifteen years and up to the duration of his life, subject to the level of risk assessed by the Attorney General's Office prior to Peterka's release from custody. Id. Additionally, the amended criminal judgments reflected that Peterka's probationary sentences would run concurrently. Id. In total, the December 1, 2014 amended criminal judgments

required Peterka to serve fourteen years of imprisonment, followed by five years of supervised probation. Id.

Peterka appealed from the state district court's decision. (Resp. Ex. #33). The North Dakota Supreme Court affirmed in part and reversed in part. Peterka v. State, 2015 ND 156, 864 N.W.2d 746. The North Dakota Supreme Court concluded that the "district court erred by not granting postconviction relief for the sentencing court's failure to file Peterka's Rule 35 motion," and that the "district court also erred in concluding the sentencing court could not timely consider Peterka's Rule 35 motion." Id. at 755-56. The state supreme court affirmed the district court's order in all other aspects. The case was reversed and remanded "for entry of an order requiring the sentencing court to proceed under N.D.R.Crim.P. 35." Id. at 756.

On July 30, 2015, the state district court entered an order allowing supplemental briefing on Peterka's Rule 35 motion. (Resp. Ex. #1, p. 45, Doc. ID# 38). The state district court denied that motion on September 15, 2015. State v. Peterka, Walsh County Case No. 50-2012-CR-00089, Doc. ID# 39.

### Allegations of the Federal Habeas Petition

Peterka alleges that the prosecutor violated his due process rights "by employing improper methods calculated to produce a wrongful conviction." (Doc. #1, p. 7) (capitalization altered). In support of that allegation, Peterka contends that he "was improperly[] or illegally charged" with 119 counts of possession of images of sexual conduct by a minor, and that his multiple prosecutions and convictions violate double jeopardy principles. Id. Peterka further alleges that the state statute under which he was charged is ambiguous and that under the "rule of leni[]ty" he should have been charged

6

with only two counts, since he possessed only two devices containing the prohibited images. Id. at 7-8.

Peterka also raises several ineffective assistance of counsel claims. Specifically, he alleges that his trial counsel (1) failed to "challenge the charging documents" which subjected him to prosecution on 119 counts, (2) failed to research whether convictions on all 119 counts constituted double jeopardy, (3) failed to discuss the double jeopardy issue with him, (4) failed to file a motion for a change of venue, and (5) failed to "demand [a] change of judge." Id. at 5-6.

Peterka's final claim in his habeas petition is that the state district court should have conducted an evidentiary hearing on his post-conviction relief application, so that he could question his trial counsel on the record. Id. at 6.

In Peterka's response to the motion to dismiss, he asserts a sixth ineffective of counsel claim—that counsel failed to determine whether the prosecutor violated "Rule 3.8 of the North Dakota Rules of Professional Conduct" by charging him with "119 offenses when it [was] unclear whether North Dakota State Law supported multiple offenses of Possession of Certain Materials Prohibited." (Doc. #10, p. 15).

## Law and Discussion

Under the Antiterrorism and Effective Death Penalty Act, a federal court cannot grant habeas relief on any claim adjudicated on the merits in state court proceedings, unless adjudication of the claim:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Section 2254(d) imposes a "highly deferential standard for evaluating state-court rulings," <u>Lindh v. Murphy</u>, 521 U.S. 320, 333 n.7 (1997), "which demands that state-court decisions be given the benefit of the doubt," <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24 (2002) (per curiam). A state court decision is "contrary to" federal law only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000). A state court decision is an "unreasonable application" of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Id.</u> at 413.

**1.     Double Jeopardy**

Peterka claims that his prosecution and conviction for 119 counts of possession of images of sexual conduct by a minor—all under the same statutory provision—violated the Double Jeopardy Clause.

The Double Jeopardy Clause "protects against multiple punishments for the same offense." <u>North Carolina v. Pearce</u>, 395 U.S. 711, 717 (1969), <u>overruled on other grounds by</u> <u>Alabama v. Smith</u>, 490 U.S. 794 (1989). It prevents the sentencing court "from prescribing greater punishment than the legislature intended." <u>Missouri v. Hunter</u>, 459 U.S. 359, 366 (1983). "When the same statutory violation is charged twice, the question

is whether [the legislature] intended the facts underlying each count to make up a separate unit of prosecution." United States v. Chipps, 410 F.3d 438, 447 (8th Cir. 2005) (citing Bell v. United States, 349 U.S. 81, 83-84 (1955)).

In analyzing Peterka's double jeopardy claim, the North Dakota Supreme Court considered Blockburger v. United States, 284 U.S. 299 (1932), which "provides a means for statutory interpretation in determining whether the legislature authorized the imposition of separate punishments." United States v. Shriver, 838 F.2d 980, 982 (8th Cir. 1988) (citing Garret v. United States, 471 U.S. 773, 778-79 (1985); Hunter, 459 U.S. at 368-69). Blockburger holds that the Double Jeopardy Clause prohibits prosecutions for the same criminal act under two different criminal statutes whenever each statute does not "require[] proof of a fact which the other does not." 284 U.S. at 304. In this case, the Blockburger test does not resolve the question, since Peterka was charged under only one criminal statute.

Also under Blockburger, the North Dakota Supreme Court recognized a need to determine "whether the legislature intended that each violation [of the one statute] be a separate offense." Peterka, 864 N.W.2d at 750. "[L]egislative intent, rather than a free-standing judicial application of Blockburger, must be the touchstone of the multiple-punishment double jeopardy analysis." Johnson v. Young, 779 F.3d 495, 497 (8th Cir. 2015). As the North Dakota Supreme Court noted, Blockburger "does not apply if the legislative intent is clear from the language of the statute or legislative history." Peterka, 864 N.W.2d at 750-51. "[T]he Blockburger rule is not controlling when the legislative intent is clear from the face of the statute or the legislative history." Garret, 471 U.S. at 779.

The North Dakota Supreme Court found that the statute "unambiguously authorizes multiple punishments and prosecutions." Peterka, 864 N.W.2d at 748. North Dakota Century Code section 12.1-27.2-04.1 prohibits knowing possession of "any motion picture, photograph, or other visual representation that includes sexual conduct by a minor." (Emphasis added). The North Dakota Supreme Court determined that the legislature intended that statute to permit separate prosecution for each video depicting sexual conduct by a minor, stating that:

> Generally, when the term "any" is followed by words in the singular, the clear indication is that the legislature intended prosecution be authorized for each differing conduct. See e.g., Williams v. Commonwealth, 178 S.W.3d 491, 495 (Ky.2005) ("The singular form of 'photograph' read in conjunction with the term 'any' clearly indicates that the Legislature intended prosecution for each differing photograph."); State v. Cobb, 143 N.H. 638, 732 A.2d 425, 433–34 (1999) (relying on the use of the word "any" finds the statutory language shows the legislature intended each photo be a separate offense); State v. Fussell, 974 So.2d 1223, 1235 (La.2008) (finding producing or reproducing "any sexual performance involving a child" constitutes a separate offense for "any single sexual performance"); State v. Morrison, 31 P.3d 547, 555–56 (Utah 2001) (finding possession of "any visual representation" of child pornography to be a separate offense); State v. Gillespie, 155 Idaho 714, 316 P.3d 126, 133 (Ct.App.2013) (explaining "our Supreme Court has not viewed the word 'any' as a collective term limiting prosecution to a single possession charge but has, quite to the contrary, determined that multiple charges are appropriate under a statute that prohibits the possession of 'any' of the singular items described"); State v. Mather, 264 Neb. 182, 646 N.W.2d 605, 610–11 (2002) ( "The singular form of 'photographic representation' covered under the statute read in conjunction with the term 'any' indicates that the Legislature intended prosecution for each differing photographic representation."); Commonwealth v. Davidson, 595 Pa. 1, 938 A.2d 198, 218–19 (2007) (finding the use of the word "any" in conjunction with a singular object means each possession constitutes a distinct occurrence and a separate offense).
>
> The statute itself uses singular language, indicating separate offenses for each individual violation. The statute refers to a "motion picture," not pictures, "photograph," not photographs, or "other visual representation," not representations. The statute criminalizes these depictions that include "sexual conduct by a minor," not minors. The singular form of visual

depictions utilized in conjunction with the term "any" clearly indicates that the legislature intended prosecution for each differing visual representation.

Peterka, 864 N.W.2d at 751-52.

Peterka, relying on United States v. Hinkeldey, 626 F.3d 1010 (8th Cir. 2010), contends in his federal habeas petition, as he did in his state appellate brief, that he should have been charged only for possession of the two devices that contained the videos. (Doc. #10, pp. 6-7). Peterka asserts that the federal statute at issue in Hinkeldey—18 U.S.C. § 2252A(a)(5)(B)—is "very similar" to North Dakota's statute and that the North Dakota statute should therefore be interpreted as prohibiting possession of a device that contains multiple explicit images rather than prohibiting possession of each individual image. Id. at 7-8.

The North Dakota Supreme Court concluded that the federal statute at issue in Hinkeldey and the state statute prohibit different conduct. The court stated that:

> The federal statute provides for punishment for a person who "knowingly possesses . . . any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography . . . ." 18 U.S.C. § 2252A(a)(5)(B) (emphasis added). The Eighth Circuit concluded the federal statute permitted separate counts for each type of media or storage device possessed. Hinkeldey, at 1013. Peterka argues charging him with 119 counts under the same statute violates the Fifth Amendment double jeopardy clause because he only should be charged under the statute for the two devices in his possession. However, the North Dakota and federal statutes prohibit different conduct. Section 12.1–27.2–04.1, N.D.C.C., makes possession an offense if the person "knowingly possesses any . . . visual representation that includes sexual conduct by a minor." The North Dakota statute is different than the federal statute in Hinkeldey because the federal statute prohibits the possession of a medium containing child pornography where the North Dakota statute criminalizes the possession of any picture, photograph or other visual representation.
>
> Hinkeldey argued his six possession counts listed in the indictment were multiplicitious because they charged the same crime, resulting in more than one sentence for the same offense. Hinkeldey, 626 F.3d at 1012. The Eighth

Circuit explained, "Where, as here, an indictment includes more than one count charging the same statutory violation, the question is whether Congress intended the facts underlying each count to constitute a separate unit of prosecution. A unit of prosecution is 'the aspect of criminal activity that Congress intended to punish.'" Id. at 1013 (quoting United States v. Chipps, 410 F.3d 438, 448 (8th Cir.2005)) (internal citation omitted); see also Moos, 2008 ND 228, ¶ 13, 758 N.W.2d 674 ("When the same conduct violates more than one statutory provision, the first step in the double jeopardy analysis is to determine whether the legislature intended that each violation be a separate offense."). After analyzing 18 U.S.C. § 2252A(a)(5)(B), the Eighth Circuit concluded, "Hinkeldey's double jeopardy challenge to the separate possession counts must fail, because it is not 'clear' or 'obvious' under current law that Congress intended that conduct like Hinkeldey's make up a single unit of prosecution." Hinkeldey, at 1013. As discussed above, Peterka's double jeopardy challenge fails for the same reason. The North Dakota Legislature intended possession of each visual representation to make up a single unit of prosecution, permitting prosecution for each visual representation possessed by Peterka.

Peterka, 864 N.W.2d at 752-53.

Peterka urges this court to find that the North Dakota Supreme Court misinterpreted the legislature's intent. (Doc. #10, pp. 13-14; Doc. #13, pp. 2-3). He asserts that the statute is ambiguous and the North Dakota Supreme Court could have only "guess[ed] what the state legislature intended." Id. However, the North Dakota Supreme Court determined the legislature's intent from the statutory text. In interpreting legislative intent, the "starting point must be the language of the statute[]." Albernaz v. United States, 450 U.S. 333, 336 (1981). "Absent a 'clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.'" Id. (quoting Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980)). Additionally, this court is bound by the North Dakota Supreme Court's interpretation of North Dakota law. See Johnson, 779 F.3d at 498 (finding that legislative intent is a matter of state law and that habeas courts are bound by state court

determinations of state law); <u>Dodge v. Robinson</u>, 625 F.3d 1014, 1018 (8th Cir. 2010)

("whether cumulative punishment is authorized by the legislature is a question of state

law"); <u>see also</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of

a federal habeas court to reexamine state-court determinations on state-law

questions.").

The North Dakota Supreme Court, after careful analysis, concluded that:

> The plain language of N.D.C.C. § 12.1–27.2–04.1 authorizes multiple prosecutions and punishments based on the number of prohibited images possessed rather than on the number of computers possessed containing those images. The North Dakota statute does not impose multiple prosecutions for the same conduct. Rather, the statute permits prosecution of "any" knowing possession of prohibited images.

<u>Peterka</u>, 864 N.W.2d at 753-54. Since it is undisputed that Peterka possessed 119 videos

showing minor children engaged in sexual conduct, the North Dakota Supreme Court's

determination that he was not subjected to double jeopardy was neither contrary to

clearly established federal law nor an unreasonable application of federal law. Nor was

that decision an unreasonable determination of the facts in light of the evidence

presented to the state court.

**2.    Due Process**

Peterka alleges that the prosecutor violated his due process rights "by employing

improper methods calculated to produce a wrongful conviction."[3] (Doc. #1, p. 7)

---

[3] Respondent contends that Peterka's claim that the prosecutor violated his due process rights is procedurally defaulted since it was not fairly presented to the North Dakota Supreme Court. (Doc. #8, p. 11; Doc. #12, p. 5). However, the North Dakota Supreme Court stated that "Peterka argues he was improperly charged for and convicted of 119 counts of possession of certain materials in violation of N.D.C.C. § 12.1–27.2–04.1 and, therefore, should be granted postconviction relief because the prosecutor violated his due process rights by using improper methods to produce a wrongful conviction."

(capitalization altered). Specifically, he contends that "he was improperly or illegally charged for, and convicted of 119 counts of Possession of Certain Materials." (Doc. #10, p. 5) (punctuation altered).

"In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file . . . generally rests entirely in [the prosecutor's] discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). A prosecutor's desire to induce a guilty plea may play a part in her charging decision and does not, by itself, violate a defendant's due process rights. See id. at 364-65 ("To hold that the prosecutor's desire to induce a guilty plea is an 'unjustifiable standard,' which . . . may play no part in his [or her] charging decision, would contradict the very premises that underlie the concept of plea bargaining itself."). Presenting "the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution" does not violate due process. Id. at 365.

Since Peterka was clearly subject to prosecution for 119 separate offenses under state law, see supra Section 1, pp. 8-13, the North Dakota Supreme Court's finding that "the prosecutor did not violate Peterka's due process rights by using improper methods to produce a wrongful conviction," see Peterka, 864 N.W.2d at 754, was neither contrary to clearly established federal law nor an unreasonable application of federal law. Nor

---

Peterka, 864 N.W.2d at 750. The North Dakota Supreme Court then ruled on that claim, finding that the prosecutor did not violate his due process rights. Id. at 754. Since the North Dakota Supreme Court ruled on the merits of that claim, the district judge should find the claim was properly presented, is not procedurally defaulted, and is not barred from federal review on that basis.

was that decision an unreasonable determination of the facts in light of the evidence presented to the state court.

### 3.    Rule of Lenity

Peterka contends that North Dakota Century Code section 12.1-27.2-04.1 is ambiguous, and that the rule of lenity should therefore be applied to construe the statute in his favor.[4] (Doc. #10, pp. 8-10). The rule of lenity—a rule of statutory construction—requires that ambiguous criminal statutes be construed in favor of lenity. Rowe v. Lockhart, 736 F.2d 457, 461 (8th Cir. 1984) (citing Dunn v. United States, 442 U.S. 100, 112-13 (1979)).

This court is bound by the state court's interpretation of the state statute. See Estelle, 502 U.S. at 67-68. The North Dakota Supreme Court, having concluded that the state statute is unambiguous and that legislative intent is clear, was not required to apply the rule of lenity. See Johnson, 779 F.3d at 498 ("And having determined legislative intent as a matter of state law, the Supreme Court of South Dakota was not constitutionally obligated to apply the rule of lenity to reach a contrary conclusion."); see also Butler v. O'Brien, 663 F.3d 514, 519 (1st Cir. 2011) ("We quickly dispatch the argument that the state court was required by clearly established Supreme Court case law to apply the rule of lenity or any other particular canon of statutory construction. . . .

---

[4] Respondent asserts that Peterka did not fairly present to the state courts a federal constitutional claim regarding the ambiguity of the state statute or the rule of lenity. Respondent argues that the claim is therefore procedurally defaulted and barred from federal review. (Doc. #8, p, 15; Doc. #12, pp. 6-7). Since Peterka's statutory construction claims are a matter of state law, they cannot form the basis of any federal claim, so the federal court need not address whether any claim was procedurally defaulted.

Federal courts have no power to dictate to state courts rules of statutory construction or mandate adoption of the rule of lenity."). Peterka is therefore not entitled to habeas relief on his claim that the state court should have applied the rule of lenity, and that claim should be dismissed.

**4.     Ineffective Assistance of Counsel**

To establish a claim of ineffective assistance of counsel, a petitioner must show that his counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). In Strickland, the Supreme Court established a two-pronged test for analyzing ineffective assistance of counsel claims. First, a petitioner must show that his counsel's conduct was objectively unreasonable. Second, a petitioner must demonstrate that he was prejudiced by his counsel's performance. Under the prejudice prong, with regard to challenges to guilty pleas, a petitioner must prove "a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Both prongs of the Strickland test—error and prejudice—must be satisfied to prevail on an ineffective assistance of counsel claim. Strickland, 466 U.S. at 694.

There is a strong presumption that counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. A court reviewing counsel's performance must make every effort to eliminate hindsight and second-guessing. Id. at 689. Under the Strickland standard, counsel's strategic decisions regarding plausible options, made after thorough investigation of both law and facts, are virtually unchallengeable. Id. at 690. Additionally, each claim of

ineffectiveness must be separately considered, since the "cumulative effect of alleged trial counsel errors is not grounds for granting habeas relief." Middleton v. Roper, 455 F.3d 838, 851 (8th Cir. 2006).

A "doubly deferential" standard of review applies to ineffective assistance of counsel claims in a § 2254 petition. Knowles v. Mirzayance, 556 U.S. 111, 123 (2009). In other words, the court must take a "highly deferential look at counsel's performance [under Strickland] through the deferential lens of § 2254(d)." Cullen v. Pinholster, 563 U.S. 170, 190 (2011) (internal citations and quotation marks omitted).

Applying these standards, the court next considers each of Peterka's ineffective assistance of counsel claims.

### A. Ineffective Assistance of Counsel Claims One, Two, and Three—Failure to Raise, Research, or Discuss Double Jeopardy

Peterka's first three ineffective assistance of counsel claims allege that counsel "failed to challenge the charging documents . . . which charged the same offense 119 times for images or videos found on two computers, in violation of the double jeopardy clause"; that "counsel did not discuss [that] matter with [him]"; and that counsel did not research [that] issue." (Doc. #1, pp. 5-6); (see also Doc. #10, p. 15). The North Dakota Supreme Court found that since "the district court correctly applied" the statute under which Peterka was charged, "Peterka therefore cannot prevail on the prejudice prong of the Strickland test." Peterka, 864 N.W.2d at 757.

Counsel is not ineffective for not pursuing claims that have been "rejected as meritless." Dyer v. United States, 23 F.3d 1424, 1425 (8th Cir. 1994); see also Dodge, 625 F.3d at 1019 ("Having found Dodge's double-jeopardy claim to be without merit, we

have no difficulty deciding that his counsel's failure to raise the claim at trial could not constitute ineffective assistance."). As discussed above, Peterka's claim that he was subjected to double jeopardy is without merit; therefore, his counsel was not ineffective for failing to challenge the Information as violating the Double Jeopardy Clause, for failing to research that issue, or for failing to discuss that issue with Peterka.

Under Strickland's test, Peterka has not demonstrated that his counsel was ineffective by failing to raise a double jeopardy issue before the state district court,[5] by failing to research whether Peterka was subjected to double jeopardy, or by failing to discuss that issue with him. Therefore, the North Dakota Supreme Court's conclusion that Peterka had failed to establish that his counsel was ineffective as to those claims was neither contrary to clearly established federal law nor an unreasonable application

---

[5] In his response to the motion to dismiss, Peterka also contends that, under United States v. Cronic, 466 U.S. 648 (1984), because his trial counsel did not demonstrate that he "did not commit 119 of the underlying incidents . . . . the adversarial process itself was presumptively unreliable." (Doc. #10, p. 16). Respondent did not address this claim in his reply. Even assuming Peterka intended to make a separate ineffective assistance of counsel claim under Cronic, the claim should not be considered, because Peterka failed to raise the claim in his habeas petition as required by Rule 2 of the Rules Governing Section 2254 Cases. Alternatively, the district judge should find that the claim fails on the merits.

In Chronic, the United States Supreme Court held that the court may presume that the defendant was prejudiced only if counsel was "totally absent, or prevented from assisting the accused during a critical stage of the proceedings," where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing," or "when counsel is available to assist the accused during trial, [but] the likelihood that any lawyer, even a competent one, could provide assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." 466 U.S. at 659-60 (citations omitted). Peterka has not demonstrated that his trial counsel was absent or prevented from assisting him, or that his trial counsel failed to subject the prosecution's case to meaningful adversarial testing. Additionally, this is not a case in which circumstances would have rendered any competent attorney unable to assist Peterka.

of federal law. Nor was that decision an unreasonable determination of the facts in light of the evidence presented to the state court.

### B. Ineffective Assistance of Counsel Claims Four and Five—Failure to Demand a Change of Venue or a Change of Judge

Peterka contends that his counsel should have sought a change of venue or a change of judge. (Doc. #1, p. 6). Peterka asserts that since his case was in a "small county," had venue been changed the "jury pool" would have been "larger" and would not have "been prejudiced." (Doc. #10, p. 15). He also asserts that had there been a different judge, "there is more that a reasonable probability that the different judge would have accepted the original plea agreement . . . ." Id.

The North Dakota Supreme Court quoted the state district court opinion, with regard to Peterka's claim that counsel should have sought a change of venue:

> Peterka has offered no evidence that any decision to not seek a change of venue was so blatantly and obviously prejudicial that it would create a reasonable probability of a different result. To the contrary, Peterka ultimately decided to enter pleas of guilty. Whether he did that in Walsh County or some other county would not have altered the events that transpired. The State pointed out the absence of any evidentiary support for this claim. Once it did so, the burden shifted to Peterka to offer some evidence to support it. Steinbach v. State, 2003 ND 46, ¶ 18, 658 N.W.2d 355. He cannot merely reply [sic] on his pleadings or conclusory allegations. Id. Therefore, as a matter of law, the State is entitled to summary dismissal of this claim.

Peterka, 804 N.W.2d at 757.

In addressing Peterka's claim that counsel should have demanded a change of judge, the North Dakota Supreme Court again quoted the state district court opinion:

> As with the prior issue, Peterka has offered no evidence that would support a conclusion that the failure to file a demand for change of judge was so blatantly and obviously prejudicial that it would have regardless of other evidence presented created a reasonable probability of a different result for

the defendant. See Osier v. State, [2014 ND 41, 843 N.W.2d 277]. Consequently, this issue is subject to the same fate as the previous one. See Steinbach v. State, [2003 ND 46, 658 N.W.2d 355]. Having failed to establish an issue of fact regarding this, it is unnecessary for the Court to address whether his trial attorney's representation in this regard fell below an objective standard of reasonableness. Consequently, as a matter of law, Peterka cannot prevail on his claim that he was denied effective assistance of counsel by his trial attorney's failure to make a demand for change of judge. The State is entitled to summary dismissal of this claim.

Id. at 757-58. Thereafter, the North Dakota Supreme Court found that the state district court did not err in granting summary dismissal as to those claims, because "Peterka failed to present competent evidence showing how the results in his underlying case would have been different." Id. at 758.

Peterka presented no evidence before the state courts to support his conclusory claims that, had there been a change of venue or change of judge, the outcome would have been different. Mere speculation is not enough to establish the prejudice prong of Strickland. See Sargent v. Armontrout, 841 F.2d 220, 226 (8th Cir. 1998) ("When seeking habeas relief, the burden is on the petitioner to prove that his rights have been violated. Speculation and conjecture will not satisfy this burden."); Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir. 1987) ("In order to warrant relief . . . a habeas corpus petitioner must allege sufficient facts to establish a constitutional claim. Mere conclusory allegations will not suffice.").

Peterka has not met Strickland's standards to demonstrate that his counsel was ineffective by failing to request a change of venue or judge. Therefore, the North Dakota Supreme Court's decision finding that Peterka had failed to establish that his counsel was ineffective as to those claims was neither contrary to clearly established federal law nor an unreasonable application of federal law. Nor was that decision an unreasonable determination of the facts in light of the evidence presented to the state court.

## C.    Ineffective Assistance of Counsel Claim Six—Failure to Determine Whether There Was Prosecutorial Misconduct

In his response to the motion to dismiss, Peterka asserts that counsel failed to determine whether the prosecutor violated North Dakota Rule of Professional Conduct 3.8 by charging him with "119 offenses when it [was] unclear whether North Dakota State Law supported multiple offenses of Possession of Certain Materials Prohibited." (Doc. #10, p. 15). Rule 3.8 describes special duties of a prosecutor. Respondent contends that the claim should not be considered because Peterka did not include it in his habeas petition. Additionally, respondent contends that the claim was not fairly presented to the state courts, is procedurally defaulted, and is thus barred from federal court review. (Doc. #12, p. 8).

Rule 2 of the Rules Governing Section 2254 Cases requires that a habeas petition "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Since Peterka did not allege his sixth ineffective assistance of counsel claim in his habeas petition, the court could conclude, on that basis alone, that he is not entitled to relief on that claim.

Additionally, Peterka has not presented that claim to the state courts, as he must do before seeking federal habeas relief. See Turnage v. Fabian, 606 F.3d 933, 936 (8th Cir. 2010). Claims that were not fairly presented to the state courts in the state post-conviction proceedings are barred from state court review for misuse of process. See N.D. Cent. Code § 29-32.1-12(2); State v. Steen, 2007 ND 123, ¶ 17, 736 N.W.2d 457, 462; Laib v. State, 2005 ND 187, ¶ 6, 705 N.W.2d 845, 848; Johnson v. State, 2004 ND 130, ¶ 13, 681 N.W.2d 769, 775-76. Since Peterka did not present his sixth ineffective

assistance of counsel claim to the state courts and since that claim is now barred from state court review, the claim is procedurally defaulted. See Welch v. Lund, 616 F.3d 756, 758 (8th Cir. 2010) ("A failure to exhaust remedies in accordance with state procedure results in procedural default of the prisoner's claims.").

Because of that procedural default, this court cannot review Peterka's sixth claim unless he demonstrates cause and prejudice for the default, or that a miscarriage of justice would result if this court did not address the merits of the procedurally defaulted claim. McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997). Peterka has not alleged cause and prejudice for his default; nor has he alleged that failure to consider his claim would result in a fundamental miscarriage of justice. His claim concerning prosecutorial misconduct is therefore procedurally defaulted, and the federal court cannot review the merits of that ineffective assistance of counsel claim.[6]

## 5.  Lack of Evidentiary Hearing on State Post-Conviction Relief Application

The state district court gave notice of intent to treat the state's motion to dismiss Peterka's post-conviction relief application as a motion for summary judgment, and gave the parties time to submit evidence by way of affidavits. (Resp. Ex. #25). The court did not hold an evidentiary hearing. Peterka contends that "[a]n evidentiary hearing should have been provided . . . so that he could provide testimony and . . . question his [trial] counsel, on the record, to fully develop his argument." (Doc. #1, p. 6).

---

[6] The court notes that, if considered on the merits, Peterka's claim concerning prosecutorial conduct would fail, since it concerns his meritless double jeopardy claim. See supra Section 1, pp. 8-13.

"Because there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." <u>Williams-Bey v. Trickery</u>, 894 F.2d 314, 317 (8th Cir. 1990). Peterka's claim that the state district court should have held an evidentiary hearing on his post-conviction relief application does not raise federal constitutional issues under <u>Williams-Bey</u>, and is not cognizable in a federal habeas petition.

To the extent Peterka alleges that his post-conviction relief counsel was ineffective by failing to seek an evidentiary hearing, that claim is not cognizable because there is no federal constitutional right to an attorney in state post-conviction proceedings. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 752 (1991). Therefore, any claim of ineffective assistance of post-conviction relief counsel is not cognizable in this petition.

## Conclusion

Peterka is not entitled to habeas relief on the double jeopardy, due process, or ineffective assistance of counsel claims that he raised in his federal habeas petition. Peterka's double jeopardy claim is without merit. Since the double jeopardy claim is meritless, the prosecutor did not violate Peterka's due process rights by charging him with 119 separate violations of one statute, and Peterka's trial counsel was not ineffective by failing to discuss, research, or raise a double jeopardy issue. Peterka also failed to establish that his counsel was ineffective by failing to request a change of venue or a change of judge. The North Dakota Supreme Court's decision, with regard to Peterka's double jeopardy, due process, and ineffective assistance of counsel claims, was neither

contrary to clearly established federal law nor an unreasonable application of federal law. Nor was the decision an unreasonable determination of the facts in light of the evidence presented to the state court.

Legislative intent is a matter of state law, and the North Dakota Supreme Court was not required to apply the rule of lenity in construing the state statute. This court is bound by the state court's interpretation of the state statute, and Peterka is not entitled to habeas relief on his statutory construction claim.

In his habeas petition, Peterka failed to include his claim that trial counsel was ineffective by failing to determine whether there was prosecutorial misconduct, and that claim should therefore not be considered. Alternatively, the district judge should conclude that claim is procedurally defaulted and is barred from federal review, and that Peterka is therefore not entitled to habeas relief on that ineffective assistance of counsel claim.

Since Peterka has not demonstrated entitlement to relief on any of his claims, it is **RECOMMENDED** that the respondent's motion to dismiss be **GRANTED** and that Peterka's habeas petition be **DISMISSED** with prejudice.

Based upon the entire record, dismissal of the petition is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. It is therefore **RECOMMENDED** that a certificate of appealability not be issued by this court. See Tiedemann v. Benson, 122 F.3d 518, 522 (8th Cir. 1997) (finding that a district court possesses the authority to issue certificates of appealability under § 2253(c)). It is further **RECOMMENDED** that the court find that any appeal

would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis.

Dated this 25th day of January, 2016.

/s/ *Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge

## NOTICE OF RIGHT TO OBJECT

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than February 11, 2016, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.